UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM THOMAS STOCKMANN | CIVIL ACTION |
| VERSUS | NO. 07-88 |
| STATE FARM INSURANCE COMPANY, ET AL | SECTION "C" (2) |

ORDER AND REASONS

This matter comes before te Court on the issue of subject matter jurisdiction. Having considered the record, the memoranda of counsel and the law, the Court has determined that it has subject matter jurisdiction for the following reasons.

Any civil action may be removed from state court to federal court if it is proven that the federal court has original jurisdiction.  28 U.S.C. § 1441.  In removal actions, the removing party bears the burden of establishing that federal jurisdiction exists.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995), *cert. denied*, 516 U.S. 865 (1995). To do so, the removing party must show that federal jurisdiction appears on the face of the complaint.  *Torres v. Southern Peru Copper Corp.*, 113 F.3d 540, 542 (5th Cir. 1997). Here, State Farm Insurance Company ("State Farm") removed this action on the basis of federal jurisdiction under 42 U.S.C. § 4072 and 28 U.S.C. §§ 1331, 1332, 1337 and 1442.

1

In response to the Court's order, however, State Farm argues in support of subject matter jurisdiction based on the National Flood Insurance Act of 1968, 42 U.S.C. 4001, *et seq*. ("NFIA").

Congress established the National Flood Insurance Program ("NFIP") by enacting the NFIA. Under the NFIP, the director of the Federal Emergency Management Agency ("FEMA"), can use private insurance companies, i.e. Write-Your-Own ("WYO") companies, to aid in the administration of the program. The public can purchase insurance policies either directly from FEMA or from the WYO companies. 42 U.S.C. § 4071-72 (2006). Section 4072 also provides that the federal court has original and exclusive jurisdiction for claims arising under the NFIP. Federal District Courts have exclusive subject matter jurisdiction in cases arising out of claims under insurance policies issued pursuant to the NFIP. *Powers v. Autin-Gettys-Cohen Ins. Agency, Inc., et. al.*, 2000 WL 1593401, *2 (E.D.La. 2000); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497, *2 (E.D.La. 2004).

Here, the plaintiff is suing State Farm, his mortgagor AmSouth Bank and State Farm's insurance agent Rodney Cosse. ("Cosse"). State Farm is an WYO company, which issued a flood insurance policy to the plaintiff on his residence for the term May 13, 2005 through May 13, 2006 according to the petition. (Petition, ¶ 3). AmSouth was a loss payee on the policy. The plaintiff claims that he learned that the premium on the

flood policy was not paid after Hurricane Katrina and that both he and AmSouth did not receive notification of the nonpayment of the premium, the pending cancellation or rights for reinstatement from either State Farm or Cosse.  (Petition, ¶ 5).   He claims that he made a late payment of the premium before the storm, but that the check was not cashed until October of November of 2005.  (Petition, ¶ 8).  He alternatively alleges that if AmSouth received notice, it should be barred from recovery.  (Petition, ¶ 9).

State Farm argues that the plaintiff's claims concern the administration of a flood policy, which triggers federal question jurisdiction.  The plaintiff argues in opposition that "the gravamen of [his] claims here is the failure of defendants to notify plaintiff about the cancellation of his flood insurance policy …"   (Rec. Doc. 44, p. 1).  This Court has previously recognized such claims as concerning the administration of the policy and invoking federal question jurisdiction.  *Coever v. Allstate Insurance Co.*, 2007 WL 2029482 (E.D.La.);  *Coats v. Reboul*, 2007 WL 54816 (E.D.La.); *Columbo v. Allstate Insurance Co.*, 2006WL3827529 (E.D.La.).

Accordingly, the federal court has original jurisdiction under 42 U.S.C. § 4072 and 28 U.S.C. §1331.

New Orleans, Louisiana, this 19th day of February, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE